IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AUSTIN DUKE,<br><br>　　　*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　*Defendant*. | CIVIL ACTION NO.<br>**5:25-cv-00546-TES** |

**ORDER GRANTING DEFENDANT'S MOTION TO CONSOLIDATE**

Before the Court is Defendant the United States of America's Motion to

Consolidate Cases. [Doc. 10]. On December 17, 2025, Plaintiff Austin Duke filed a

Complaint in this Court alleging damages from a car accident with a United States

Postal Service car on December 19, 2023. [Doc. 1]. Also on December 17, 2025, his father,

Richard Duke, filed a Complaint in this Court in case number 5:25-cv-00547 for the

same car accident. *Complaint for Damages*, 5:25-cv-00547 (Dec. 17, 2025), Dkt. No. 1. The

two Complaints are identical save different damage figures and injuries. *Compare* [Doc.

1, ¶ 11], *with Complaint for Damages*, 5:25-cv-00547 (Dec. 17, 2025), Dkt. No. 1, ¶ 11. The

same lawyer represents both plaintiffs. Furthermore, Defendant's Answers to both

Complaints are nearly identical, including asserting contributory negligence of Plaintiff

Austin in both cases. *Compare* [Doc. 6], *with Answer to Complaint*, 5:25-cv-00547 (Mar. 9,

2026), Dkt. No. 6. After receiving notice of the motion to consolidate, neither Plaintiff filed any response, much less any opposition.

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact." Consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). Furthermore, "District court judges in this circuit 'have been "urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion."'" *Id.* (quoting *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir.1973)).

Here, both cases were filed on the same day, are in the same procedural posture, and contain nearly identical Complaints and Answers. In other words, there are common, if not identical, questions of law and fact applicable to both cases. Furthermore, both cases will likely require the use of many of the same witnesses and exhibits. Even the Rule 16/26 Orders in both cases—issued by different Judges—are nearly identical. Therefore, the Court concludes that the cases involve common questions of law or fact, and consolidation will not prejudice the parties. The Court **GRANTS** Defendant's Motion to Consolidate [Doc. 10] and **ORDERS** the Clerk of Court to **CONSOLIDATE** cases 5:25-cv-00546-TES with 5:25-cv-00547-TES. In the future, case 5:25-cv-547 shall bear the names of both Plaintiffs in the style.

SO ORDERED, this 6th day of July, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**